LEE, J.,
for the Court:
¶ 1. Lealon and Lucille Martin had executed their Last Will and Testament, dividing their estate equally between their only children, Appellant Lucille Hall and Appellee Lynne Bowman. Later, by separate deeds, the Martins gave Bowman 122 acres and Hall 150 acres. Hall subsequently filed a complaint asking that the deeds be declared void because of undue influence asserted by Bowman. Bowman filed a motion for a declaratory judgment to have the deeds set aside and to restore title to the property to Mrs. Martin, who was the surviving joint tenant. The chancellor declared the deeds to be void and the motion for declaratory judgment was granted. Hall now appeals, contending that declaratory judgment should not have been granted because it precluded the presentation of evidence regarding undue influence as the issue in controversy giving rise to the proceeding. Finding no merit to this argument, we affirm the findings of the Panola County Chancery Court.
FACTS
¶2. Lealon and Lucille Martin, the elderly parents of two adult daughters, resided in Oxford, Mississippi. They had executed their Last Will and Testament, dividing their estate equally between their only children, two daughters, Lucille Hall and Lynne Bowman. The Martins moved to an assisted living complex on January 19,1995, in North Carolina where Bowman lived. By separate deeds to Bowman and Hall dated May 2, 1996, the Martins gave Bowman 122 acres and Hall 150 acres.
¶ 3. Though it appears that Hall got the lion’s share, Hall filed a complaint in June 1996 to set the deeds aside, accusing Bowman of asserting undue influence to her benefit and to Hall’s detriment. Mr. Martin died in December 1996. Bowman filed a motion for declaratory judgment asking the court to make a declaration of the rights and relations of the parties to the deeds in question. She contended that the deeds should be set aside because the Martins, although competent and under no undue influence, transferred the property in reliance upon the mistaken advise of counsel that it would be to their tax benefit to make the inter vivos gifts. As further grounds for asking the court to set aside the deeds, Bowman cited the strained family relationships resulting from the lawsuit. Since Mr. Martin had died while the lawsuit was pending, Bowman asked that the title to the property be vested in Mrs. Martin as the surviving joint tenant. At the hearing on the motion, Mrs. Martin joined in the request to have the deeds set aside.
¶ 4. The trial court granted the declaratory judgment, finding that the deeds were void and title to the land was therefore vested in Mrs. Martin. Hall now appeals, claiming that the court should have resolved the issue of undue influence prior to setting the deeds aside.
STANDARD OF REVIEW
¶ 5. A declaratory judgment sets out the law and is binding as to the rights of parties. The issue in the declaratory judgment before us involves questions of law. It is a well-settled principle that the supreme court is the ultimate expositor of the law of this State. UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, *184 Inc., 525 So.2d 746, 754 (Miss.1987). Therefore, this Court, as an appellate court, conducts a de novo review on questions of law. Id.; C.E. Tucker v. Hinds County, Mississippi Power & Light Co., 558 So.2d 869, 872 (Miss.1990).
DISCUSSION

Did the trial court err in sustaining the defendant’s motion for declaratory judgment to set the deeds aside when doing so did not terminate the controversy giving rise to the proceeding?

¶ 6. “The two principal criteria in favor of rendering declaratory judgments are: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.” M.R.C.P. 57 cmt. Thus, the court, by declaring rights, status and other legal relations, uses its discretion in the public’s interest to properly balance the plaintiffs needs with the consequences of providing the relief sought. Id. Rule 57 also provides that the trial court may refuse to render or enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding. The rule thus empowers the trial court with a certain discretion. Not all issues need be resolved, however, “as long as one or more legal issues vital to the controversy is susceptible of authoritative resolution, the trial judge may and generally ought [to] hear and adjudicate the case under Rule 57.” That there remain other areas of controversy generally ought not furnish an excuse for the trial court’s refusal to do what it can do to lay to rest what part of the controversy it can. White v. Gautier Utility Dist., 465 So.2d 1003, 1014-15 (Miss.1985).
¶ 7. Hall, the appellant, contends that the case at bar is not a case wherein the granting of a declaratory judgment is appropriate since the controversy which gave rise to the proceeding remains unsettled; that is, whether Bowman, the appellee, exercised undue influence as a fiduciary over her parents in order to bring about a transfer of property which was contrary to provisions in a will which was executed by them when they were still able to manage their own affairs. She maintains, that undue influence and the competency of her parents comprise the issue in controversy upon which the action is grounded and should have been resolved prior to setting the deeds aside.
¶8. We disagree with the appellant’s reasoning. Undue influence and the competency of the Martins do not constitute the issue in this proceeding. Rather, they are the relevant elements on any controversy regarding the validity of a deed. The issue is simply the validity of the two deeds in question.
¶ 9. The trial court granted a declaratory judgment to set the deeds aside at a time when it had before it a request by both parties to set both deeds aside. No one wanted the property except Mrs. Martin, and the court awarded it to her. This is exactly the relief that Hall had requested in her complaint. Thus, the declaratory judgment did settle the controversy once and for all and has rendered moot all questions as to undue influence and incompetence regarding the deeds.
¶ 10. The appellant does not have the capacity to dictate to the court the route it should take in arriving at its conclusions. This would be and is an abuse and waste of judicial resources. A court of equity considers results rather than the means by which they are obtained. Savage v. Dowd, 54 Miss. 728, 732 (1877). Hall’s real complaint is that she has not been able to label her mother as incompetent or her sister as a wrongdoer in relation to these two deeds. This is not the forum that will give her the green light to pursue her mother and sister on these issues.
*185 CONCLUSION
¶ 11. We find that the trial court was not in error in sustaining the motion for declaratory judgment filed in the Panola County Chancery Court by the appellant and affirm its findings that the two deeds should be set aside vesting title to the property in Mrs. Martin as the surviving joint tenant.
¶ 12. THE JUDGMENT OF THE PA-NOLA COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING AND MOORE, JJ., NOT PARTICIPATING.